IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:10-cr-00011 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| YENNIER CAPOTE GONZALEZ, | ) | |
| | ) | |

**MEMORANDUM**

Before the Court is Defendant's motion for new trial (Docket Entry No. 107), contending, in sum: (1) the jury's verdict was against the clear weight of the evidence; (2) the Court erred by denying Defendant's motion for judgment of acquittal based on the alleged insufficiency of the evidence; (3) the Court erred by granting the Government's motion in limine to exclude evidence of corporate records, telephone records, and court records concerning Manuel Trujillo; and (4) the Court erred by denying Defendant's motion in limine seeking to preclude the Government from introducing text messages from Defendant's cellular phone. Id. In response, the Government contends that its evidence was sufficient to support the jury's determinations. (Docket Entry No. 110).

**A. Review of the Record**

On September 23, 2010, Defendant was indicted in the Middle District of Tennessee on five counts of health care fraud, one count of engaging in an unlawful monetary transaction, and two counts of aggravated identity theft. Additionally, Defendant was indicted for aiding and abetting each of the above counts.

On October 30, 2012, Defendant's jury trial commenced. Defendant's counsel orally

moved for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure after the close of the Government's case, after the close of Defendant's case, and after the jury rendered its verdict. The Court denied each of these motions.

Prior to presentation of evidence, the Court denied Defendant's motion in limine (Docket Entry No. 91) seeking to exclude text messages the Government anticipated introducing at trial. The Court further granted the Government's motion in limine (Docket Entry No. 88) to exclude evidence of corporate, telephone and court records regarding Manuel Trujillo.

On November 2, 2012, the jury found Defendant guilty of committing each of the substantive offenses charged in the indictment, and also guilty of aiding and abetting the commission of each of the charged offenses.

### B. Conclusions of Law

On a motion for a new trial, the Court is to decide if the jury could reasonably reach the verdict based upon the evidence. Powers v. Bayliner Marine Corp., 83 F.3d 790, 798 (6th Cir. 1996). A trial court cannot substitute its judgment on credibility for the jury's determinations. Anderson v. Conwood Co., 34 F. Supp. 2d 650, 653 (W.D. Tenn. 1999) (citing Farber v. Massillon Bd. Of Educ., 917 F.2d 1391, 1395 (6th Cir. 1990)).

Upon a motion for a new trial, the Court is not to set aside the jury verdict absent a showing of a "'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1046 (6th Cir 1996). The evidence is also reviewed "most strongly in a light in favor of the verdict." Ross v. Meyers, 883 F.2d 486, 488

(6th Cir. 1989).

First, Defendant contends he is entitled to a new trial because the Court erred in denying his Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal. Defendant asserts that the Court erred in denying the motion because the Government's evidence was insufficient to sustain a conviction on any of the counts. "The District Court's standard in deciding the motions for judgement of acquittal was whether, considering the evidence in the light most favorable to the government, there was evidence from which a jury might reasonably find the defendant guilty beyond a reasonable doubt." United States v. O'Boyle, 680 F.2d 34, 36 (6th Cir. 1982). At trial, the Government introduced surveillance evidence, eyewitness testimony, and documentary evidence, among other things, linking Defendant to the crimes charged. The Court concludes the evidence presented at trial supported denial of the motion for acquittal as evidenced by the jury finding Defendant guilty beyond a reasonable doubt on each respective charge.

Second, Defendant contends that he is entitled to a new trial because the Court erred by granting the Government's motion to exclude telephone records, corporate records, and court records allegedly tying Manuel Trujillo to this crime. The Government asserted that the evidence at issue was irrelevant to the action, as it did not concern an individual charged in the indictment, did not relate to any issue in dispute, and did not involve the time period at issue in the indictment. (Docket Entry No. 88). Defendant contends that the excluded evidence was relevant and material to his defense, asserting Trujillo committed the fraud. Under Federal Rules of Evidence 401 and 402, the proposition for which relevant evidence is offered must be a matter or issue in dispute in the case. At trial, the Court granted the Government's motion, concluding the telephone records were irrelevant and prejudicial to the Government. For the reasons stated at

trial, the Court again concludes the Government's motion was correctly decided. Accordingly, the Court should not grant a new trial based on this claim.

Third, Defendant asserts that the Court erred in denying his motion in limine to exclude text messages from Defendant's cellular telephone. Defendant contends the denial of his motion violated Fourth and Sixth Amendment rights. Defendant asserts the introduction of five (5) text messages on Defendant's telephone into the Government's case in chief was highly prejudicial and should have been excluded under Federal Rules of Evidence 401, 402, 403, and 802. At trial, the Court concluded that under Washak v. United States, 532 F.3d 521 (6th Cir. 2008), Defendant failed to establish standing to challenge introduction of redacted telephone records. The Court declined to decide a constitutional issue for which Defendant lacked standing. The Court concludes that denying Defendant's motion was correct. Accordingly, there can be no prejudice to Defendant warranting a new trial.

Here, extraordinary circumstances do not exist to justify relitigation of this action. The weight of evidence overwhelmingly supports the jury's verdict of Defendant's guilt on these offenses. The Court concludes the evidence sufficiently ties Defendant's conduct to each element of the offenses the Government proved beyond a reasonable doubt.

## C. Conclusion

For the foregoing reasons, Defendant's motion for a new trial (Docket Entry No. 107) should be denied.

An appropriate Order is filed herewith.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court
12-10-12